UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER YELLAND<br>   Plaintiff | :<br>:<br>:   JURY TRIAL DEMANDED<br>: |
| v. | :<br>:   CASE NO: |
| CERTECH. INC.<br>   Defendant | :<br>:<br>: |

COMPLAINT

Plaintiff Jennifer Yelland ("Ms. Yelland") by her attorney, George R. Barron, Esquire, for her Complaint alleges as follows:

JURISDICTION AND VENUE

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by named Plaintiff against the Defendant to redress intentional violations by Defendant of rights secured by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

2. Defendant wrongfully discriminated against, wrongfully terminated, and unlawfully deprived Ms. Yelland of her rights under, *inter alia*, 42 U.S.C. 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and The Pennsylvania Human Relations Act, 43 P. S. § 951 *et seq.* ("PHRA").

3. This Court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§1331 and 1367. Venue is proper in the Middle District of Pennsylvania

1

under 28 U.S.C. §1391(b) because the events and omissions complained of occurred in this judicial district.

4. Ms. Yelland filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 4, 2023, requesting dual-filing with the Pennsylvania Human Relations Commission ("PHRC"), asserting that Defendant violated her rights under Title VII and the PHRA.

5. EEOC issued a "Notice of Right to Sue" on December 26, 2023, and this Complaint is filed within ninety (90) days of Plaintiff's receipt of that notice. More than one year has passed since Ms. Yelland's claims under the PHRA were filed with the administrative agency. All administrative prerequisites to suit have been met.

## THE PARTIES

6. Plaintiff Jennifer Yelland ("Ms. Yelland") is an adult resident of Pennsylvania.

7. Defendant Certech, Inc. ("Certech") is, upon information and belief, a Delaware business corporation with place of business at 550 Stewart Road, Hanover Township, PA 18706.

8. Upon information and belief, Certech operates a production plant in Hanover Township, PA that manufactures materials for the ceramics industry.

## STATEMENT OF FACTS

9. Ms. Yelland was employed by Certech at its Hanover Township, PA production plant for approximately twenty-one (21) years.

10. Ms. Yelland is white, of European ancestry, and was born in the United States.

11. Ms. Yelland held the position of Finishing Supervisor at Certech for approximately two (2) years before Certech terminated her employment on July 11, 2022.

12. Ms. Yelland never had any significant performance or disciplinary issues during her twenty-one (21) years of employment with Certech.

13. In recent years Certech hired increasing numbers of Spanish-speaking employees of Hispanic or Latino descent, which Certech referred to as "Spanish Culture" employees, to work at its Hanover Township facility.

14. Ms. Yelland worked with and supervised several "Spanish Culture" employees without issue during her time as Finishing Supervisor.

15. In May 2022, Certech hired Christopher Sanchez ("Mr. Sanchez") as a supervisor in its Hanover Township facility.

16. At all times relevant hereto, Mr. Sanchez was a management employee and an agent of Certech.

17. Mr. Sanchez was hired as an additional supervisor in a newly created position and not to fill any existing vacancy.

18. Upon information and belief, Mr. Sanchez is of Hispanic/Latino descent and speaks Spanish.

19. Mr. Sanchez is, upon information and belief, of a different race, color and/or national origin than Ms. Yelland.

20. Fluency in Spanish was not a job requirement for the Finishing Supervisor position, and Certech never suggested or encouraged that Ms. Yelland learn to speak Spanish.

21. When Mr. Sanchez started working for Certech, Certech told Ms. Yelland that Mr. Sanchez was to "follow you around" and "see what you do," and that Mr. Sanchez was hired to translate for "Spanish Culture" employees.

22. Ms. Yelland did what Certech asked and worked with Mr. Sanchez, training him, without incident for several weeks.

23. By early June 2022, several "Spanish Culture" employees in the Finishing Department told Ms. Yelland that they believed Mr. Sanchez was now their supervisor and that they no longer reported to Ms. Yelland.

24. Believing that her supervisory authority was being undermined, Ms. Yelland told Certech's Site Manager James Derrah (Mr. Derrah), that the "Spanish Culture" employees believed that Mr. Sanchez, and not Ms. Yelland, was their supervisor. Mr. Derrah was Ms. Yelland's supervisor, and an agent of Certech.

25. Ms. Yelland asked Mr. Derrah if she was still the supervisor, or if she was being replaced by Mr. Sanchez.

26. Mr. Derrah told Ms. Yelland that nothing had changed, that employees were still to report to Ms. Yelland, and that Mr. Sanchez was there only to translate for "Spanish Culture" employees.

27. With Mr. Derrah's permission, Ms. Yelland related that message to Finishing Department employees at a meeting on or about June 14, 2022.

28. The following morning, during a meeting of Finishing Department employees, Mr. Sanchez told the group that he, not Ms. Yelland, was their supervisor, and that he did not work for Ms. Yelland, inspiring some of the "Spanish Culture" employees to begin applauding and shouting support for Mr. Sanchez.

29. Following the meeting, an employee told Ms. Yelland that Mr. Sanchez had made threatening remarks directed at Ms. Yelland. The employee told Ms. Yelland that Mr. Sanchez had stated "I'm not the one to mess with" regarding Ms. Yelland. Ms. Yelland perceived that comment as a threat, and as harassment based on her race, color and/or national origin, as well as an effort to create and promote a racially hostile work environment.

30. On or about June 15, 2022, Ms. Yelland reported Mr. Sanchez's threatening remarks and the hostile environment imposed upon her to Certech's management and Human Resources department as unlawful discrimination and harassment based upon her race, color and/or national origin.

5

31. After an "investigation" that lasted only one (1) day, Certech told Ms. Yelland that they "found no wrongdoing."

32. In the following days some "Spanish Culture" employees began asking each other "whose side are you on" and began refusing to follow direction from Ms. Yelland, because they believed she was no longer their supervisor, exacerbating the hostile environment.

33. Upon information and belief, Certech encouraged, promoted, and failed to address this hostile environment based upon Ms. Yelland's race, color and/or national origin as part of an effort to force Ms. Yelland out and replace her with Mr. Sanchez.

34. On July 11, 2022, Certech fired Ms. Yelland, citing "anonymous complaints" of harassment and discrimination made against her by employees.

35. At the time of her termination, Ms. Yelland had no disciplinary history regarding claims of harassment or discrimination against her, and no knowledge as to the source or substance of the "anonymous complaints." .

36. Upon information and belief, the "anonymous complaints" were fabricated and/or exaggerated to serve as pretext for Ms. Yelland's termination.

37. Upon information and belief, to the degree that they were real, the "anonymous complaints" were the result of the racial conflict and hostile environment created and exacerbated by Certech.

38. On or about July 20, 2022, just nine (9) days after Ms. Yelland was terminated, Mr. Sanchez replaced her as the new Finishing Supervisor.

39. Upon information and belief, the supervisory position created for and held by Mr. Sanchez prior to Ms. Yelland's termination was never filled.

40. Upon information and belief, Certech created a new supervisory position and hired Mr. Sanchez into that position with the intention to have him replace Ms. Yelland as Finishing Supervisor after Ms. Yelland trained him.

41. Certech terminated Ms. Yelland's employment and replaced her because of Ms. Yelland's race, color, and/or national origin, and in retaliation for Ms. Yelland's legally protected complaints of unlawful harassment based upon her race, color, and/or national origin.

42. Certech treated Ms. Yelland less favorably than other employees, including Mr. Sanchez, because of her race, color, and/or national origin.

43. Certech created and promoted a hostile environment based upon Ms. Yelland's race, color, and/or national origin.

44. Ms. Yelland's employment was terminated because of her race, color, and/or national origin, and in retaliation for her complaining about the unlawful harassment that she was subjected to by Mr. Sanchez.

## COUNT ONE
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. §1981

45. All previous paragraphs are incorporated herein and referenced

as if set forth in full.

46. Certech created, promoted, and failed to address a hostile work environment based upon Ms. Yelland's race, color and/or national origin.

47. Certech failed to address Ms. Yelland's complaints of discrimination and harassment, permitting and promoting the hostile work environment that Certech created.

48. As a direct and proximate result of Defendant's unlawful conduct, Ms. Yelland has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

49. As a direct and proximate result of Defendant's unlawful conduct, Ms. Yelland has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

50. Defendant's unlawful conduct constitutes a willful and wanton violation of Title VII and Section 1981, was outrageous and malicious, was intended to injure Ms. Yelland, and was done with conscious disregard of Ms. Yelland's civil rights, entitling Ms. Yelland to an award of punitive damages.

51. Based upon the foregoing, Ms. Yelland alleges that Certech did violate Title VII and Section 1981.

## COUNT TWO
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

52. All previous paragraphs are incorporated herein and referenced as if set forth in full.

53. Certech created, promoted, and failed to address a hostile work environment based upon Ms. Yelland's race, color and/or national origin.

54. Certech failed to address Ms. Yelland's complaints, permitting and promoting the hostile work environment that Certech created.

55. Based upon the foregoing, Ms. Yelland alleges that Certech did violate The Pennsylvania Human Relations Act.

## COUNT THREE
## UNLAWFUL TERMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. §1981

56. All previous paragraphs are incorporated herein and referenced as if set forth in full.

57. Certech terminated Ms. Yelland's employment because of Ms. Yelland's race, color, and/or national origin.

58. Ms. Yelland's race, color, and/or national origin was a motivating factor in Certech's decision to terminate her employment.

59. Ms. Yelland's race, color, and/or national origin was a determinative factor in Certech's decision to terminate her employment.

60. As a direct and proximate result of Defendant's unlawful conduct, Ms. Yelland has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

61. As a direct and proximate result of Defendant's unlawful conduct, Ms. Yelland has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

62. Based upon the foregoing, Ms. Yelland alleges that Certech did violate Title VII and Section 1981.

63. Defendant's unlawful conduct constitutes a willful and wanton violation of Title VII and Section 1981, was outrageous and malicious, was intended to injure Ms. Yelland, and was done with conscious disregard of Ms. Yelland's civil rights, entitling Ms. Yelland to an award of punitive damages.

## COUNT FOUR
## UNLAWFUL TERMINATION IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

64. All previous paragraphs are incorporated herein and referenced

as if set forth in full.

65. Certech terminated Ms. Yelland's employment because of Ms. Yelland's race, color, and/or national origin.

66. Ms. Yelland's race, color, and/or national origin was a motivating factor in Certech's decision to terminate her employment.

67. Ms. Yelland's race, color, and/or national origin was a determinative factor in Certech's decision to terminate her employment.

68. As a direct and proximate result of Defendant's unlawful conduct, Ms. Yelland has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

69. As a direct and proximate result of Defendant's unlawful conduct, Ms. Yelland has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

70. Based upon the foregoing, Ms. Yelland alleges that Certech did violate the Pennsylvania Human Relations Act.

## COUNT FIVE
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 and 42 U.S.C. §1981

71. All previous paragraphs are incorporated herein and referenced as if set forth in full.

72. Ms. Yelland engaged in legally protected activity, which included complaining about harassment and hostile work environment based on her race, color, and/or national origin.

73. Certech retaliated against Ms. Yelland by, *inter alia,* terminating her employment.

74. As a direct and proximate result of Defendant's unlawful conduct, Ms. Yelland has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

75. As a direct and proximate result of Defendant's unlawful conduct, Ms. Yelland has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

76. Based upon the foregoing, Ms. Yelland alleges that Certech did violate the Title VII and Section 1981.

77. Defendant's unlawful conduct constitutes a willful and wanton violation of Title VII and Section 1981, was outrageous and malicious, was intended to injure Ms. Yelland, and was done with conscious disregard of Ms. Yelland's civil rights, entitling Ms. Yelland to an award of punitive damages.

## COUNT SIX
## RETALIATION IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

78. All previous paragraphs are incorporated herein and referenced as if set forth in full.

79. Ms. Yelland engaged in legally protected activity, which included complaining about harassment and hostile environment based on her race, color, and/or national origin.

80. Certech retaliated against Ms. Yelland by, *inter alia,* terminating her employment.

81. As a direct and proximate result of Defendant's unlawful conduct, Ms. Yelland has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

82. As a direct and proximate result of Defendant's unlawful conduct, Ms. Yelland has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

83. Based upon the foregoing, Ms. Yelland alleges that Certech did violate the Pennsylvania Human Relations Act.

WHEREFORE, Ms. Yelland demands judgment as follows:

A. For Counts One, Three, and Five, an amount to be determined at trial, including back pay, front pay, compensatory damages, and punitive damages, plus interest;

B. For Counts Two, Four, and Six, an amount to be determined at trial, including back pay, front pay, and compensatory damages, plus interest;

C. For plaintiff's attorney's fees, costs, and disbursements; and

D. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff demands a jury trial for all claims triable by a jury.

Date: 03/22/2024

s/ George R. Barron
George R. Barron, Esquire
Attorney for Plaintiff
PA Attorney ID # 88747
88 North Franklin Street
Wilkes-Barre, PA 18701
Telephone: (570) 824-3088